UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13 CV 212 RWS |
| | ) |
| MARIO, LLC, d/b/a The Broadway Nightclub, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Plaintiff J&J Sports Productions, Inc. owned the nationwide television distribution rights to "*Star Power: Floyd Maywether, Jr. v. Victor Ortiz Championship Fight Program*" telecast, an Ultimate Fighting Championship broadcast which took place on September 17, 2011. J&J Sports Productions, Inc. sold the right to publically exhibit this broadcast to various public establishments (eg. hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.) A number of these establishments illegally intercepted the broadcast and showed it to their patrons without obtaining a license to do so from J&J Productions, Inc.

The present lawsuit alleges that Defendants Mario, LLC (d/b/a The Broadway Nightclub), Julius Mehmeti and Krennar Mehmeti illegally intercepted the broadcast and played it to patrons at the Broadway Nightclub. J&J Sports Productions, Inc. asserts claims Defendants under two alternative federal statutes and state law conversion. Defendant Julius Mahmeti has moved for summary judgment. Because J&J Sports Productions, Inc. has failed to produce any evidence to support its claims against Julius Mehmeti as an individual defendant, I will grant Mehmeti's

motion for summary judgment.

*Background*

J&J Sports Productions, Inc.'s first claim is pursuant to the Unauthorized Reception of Cable Services, 47 U.S.C. § 553. This statute prohibits the unauthorized receipt of programing from a cable service like Charter Communications. It provides for statutory damages of not less that $250 but not more than $10,000. Id. at §553(c)(3)(A)(ii). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $50,000. Id. at §553(c)(3)(B). Attorneys fees and costs may also be recovered under this statute. Id. at § 553(c)(2)(C).

Its second claim is under the Unauthorized Publication or Use of Communications, 47 U.S.C. § 605. In the context of the present lawsuit, this statute prohibits the interception of video programming from a satellite that is primarily intended for the direct receipt by cable operators to send out over their cable network. It provides for statutory damages of not less that $1,000 but not more than $10,000. Id. at § 605(e)(3)(C)(i)(II). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $100,000. Id. at § 605(e)(3)(C)(ii). Attorneys fees and costs may also be recovered under this statute. Id. at § 605(e)(3)(B)(iii).

The third claim in this lawsuit is a state law conversion claim.

Defendant Mario, LLC is a limited liability company. Paragraph 7 of J&J Sports Productions, Inc.'s complaint alleges that Julius Mehmeti and Krennar Mehmeti are the "owners, and/or operator, and/or licensee, and/or permitee, and/or persons in charge, and/or individuals with dominion, oversight and management of the commercial establishment doing business as

2

Mario, LLC." Julius Mehmeti and Krennar Mehmeti have been sued in their individual capacities.

Defendants have been served. Mario, LLC has been administratively dissolved, has no assets, and is no longer in business. On October 10, 2013, the Clerk of Court entered a default against the Mario, LLC because it failed to file an answer or other responsive pleading.

Julius Mehmeti and Krennar Mehmeti each filed an answer to the complaint. Both denied J&J Sports Productions, Inc. allegations in paragraph 7 of the complaint regarding ownership or control of Mario, LLC. or its employees.

Defendant Julius Mehmeti has moved for summary judgment on all of the claims against him individually. He has filed an affidavit which states that he was a former member of Mario, LLC. He states that he has no knowledge of how or why the fight was shown at The Broadway Nightclub on September 17, 2011. He states further that he was not present at The Broadway Nightclub on September 17, 2011, he was not supervising or managing employees at the club, nor did he instruct or grant permission to any employee or other person to show the fight.

Mehmeti seeks summary judgment because J&J Sports Productions, Inc has not produced any evidence that would make him personally liable for the claims made against him in the complaint.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary

judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

Although this case was filed on January 31, 2013, J&J Sports Productions, Inc. did not request any discovery from the individual defendants beyond their initial Rule 26 disclosures. In its response to Julius Mehmeti's motion for summary judgment, J&J Sports Productions, Inc. has not produced any evidence to supports its allegations of individual liability against Julius Mehmeti. There is not any evidence in the record that Julius Mehmeti was personally present at The Broadway Nightclub on September 17, 2011. Nor is there any evidence that he personally supervised, controlled, gave permission or otherwise permitted the showing of the fight at the club.

In its opposition to Julius Mehmeti's motion for summary judgment, J&J Sports Productions, Inc. asserts that Co-Defendant Krennar Mehmeti stated in his answer that Julius Mehmeti was the person in charge and control of Mario, LLC. Krennar Mehmeti's answer does not contain any such allegation. In addition, J&J Productions, Inc. asserts that in his affidavit in

4

support of summary judgment, Julius Mehmeti states that he was the person in charge of employing management at the nightclub. Mehmeti state in his affidavit that he employed managers to manage the day to day operations and that he was not in charge of the day to day operations. The evidence in the record supports the allegation that Julius Mehmeti was a member of Mario, LLC which owned The Broadway Nightclub.

J&J Sports Productions, Inc.'s sole basis for its claims against Julius Mehmeti is that he was a member of Mario, LLC and that he hired mangers to run day to day operations of the nightclub. J&J Sports Productions, Inc. has not produced any evidence that Mehmeti personally participated in the showing of the fight at issue, or that he personally authorized or ratified the showing of the fight. Such evidence fails to establish that Julius Mehmeti is individually liable for the claims asserted in the complaint. The Broadway Nightclub was operated by a limited liability company. Any liability arising from the operations of the nightclub is limited to an action against Mario, LLC. and does not extend to a corporate officer.

To impose individual liability under the federal statutes at issue in this case, a plaintiff must show that there exists "no distinction" between the individual's actions and that of his corporation. Joe Hand Promotions, Inc. v. Sharp, 885 F. Supp.2d 953, 956 (D. Minn. 2012)(rejecting both the "veil piercing" and "benefit and control" tests, citing Comcast of Illinois X v. Multi–Vision Electronics, Inc., 491 F.3d 938 (8th Cir. 2007)). As in Sharp, J&J Sports Productions, Inc. "has not satisfied this standard here. At most, it has presented some evidence that suggests that [Mehmeti] was the sole proprietor and shareholder of [Mario, LLC]. But it has not created—indeed, it has not even attempted to show, ...—a genuine issue that "no distinction" exists between [Mehmeti's] actions and that of his corporation. In Comcast, evidence in the

5

record showed far more regarding the individual's involvement in the unlawful conduct." Id. Nor has J&J Sports Productions, Inc. produced any evidence, or legal argument, that Julius Mehmeti should be individually liable for conversion.

As a result, I will grant Julius Mehmeti's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Julius Mehmeti's motion for summary judgment [# 39] is **GRANTED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2014.