UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13 CV 212 RWS |
| ) | |
| MARIO, LLC, d/b/a The Broadway ) | |
| Nightclub, et al., ) | |
| ) | |
| Defendants, ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff J&J Sports Productions, Inc.'s motion for a default judgment against Defendant Mario, LLC, d/b/a The Broadway Nightclub. J&J Sports owned the nationwide television distribution rights to "*Star Power: Floyd Maywether, Jr. v. Victor Ortiz Championship Fight Program*" telecast which took place on September 17, 2011. J&J Sports sold the rights to publically exhibit this broadcast to various public establishments (eg. hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.) A number of these establishments illegally intercepted the broadcast and showed it to their patrons without obtaining a license to do so from J&J Sports.

The present lawsuit alleges that Defendant Mario, LLC illegally intercepted the broadcast and played it to patrons at the The Broadway Nightclub. J&J Sports asserts claims under two alternative federal statutes and for state law conversion.

J&J Sports' first claim is pursuant to the Unauthorized Reception of Cable Services, 47 U.S.C. § 553. This statute prohibits the unauthorized receipt of programing from a cable service like Charter Communications. It provides for statutory damages of not less than $250 but not more than $10,000. Id. at §553(c)(3)(A)(ii). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $50,000. Id. at § 553(c)(3)(B). Attorney's fees and costs may also be recovered under this statute. Id. at § 553(c)(2)(C).

Its second claim is under the Unauthorized Publication or Use of Communications, 47 U.S.C. § 605. In the context of the present lawsuit, this statute prohibits the interception of video programming from a satellite that is primarily intended for the direct receipt by cable operators to send out over their cable network. It provides for statutory damages of not less than $1,000 but not more than $10,000. Id. at § 605(e)(3)(C)(i)(II). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $100,000. Id. at § 605(e)(3)(C)(ii). Attorney's fees and costs may also be recovered under this statute. Id. at § 605(e)(3)(B)(iii).

The third claim in this lawsuit is a state law conversion claim. According to the rate document submitted by J&J Sports, the fee it would have collected from Mario, LLC based on its occupancy limit of 300 patrons, was $6,200.

Defendant Mario, LLC is a limited liability company. Mario, LLC has been administratively dissolved, has no assets, and is no longer in business. Mario, LLC has been served. On October 10, 2013, the Clerk of Court entered a default against the Mario, LLC because it failed to file an answer or other responsive pleading.

In its motion for a default judgment, J&J Sports seeks a total of $150,000 plus $635.00 in "court costs." J&J Sports also prays for $5,000.00 in attorney's fees. In seeking a judgment of $150,000, J&J Sports seeks to collect statutory damages under both § 605 and under § 553. J&J Sports can recover either under § 605 if Mario, LLC intercepted the broadcast from a satellite or under § 553 if Mario, LLC intercepted the broadcast from a cable service. J&J Sports cannot recover damages under both statutes.

J&J Sports' investigator stated in her affidavit that Mario, LLC had a maximum occupancy of 300 patrons. She reported that approximately twenty-five patrons were in the bar at the time she was there. Neither the complaint nor any other filings in this matter indicate which method Mario, LLC used to intercept the broadcast. I will therefore grant J&J Sports a default judgment under § 605. J&J Sports' fee for the telecast, based on a 300 person occupancy limit, would have been $6,200. Based on that fee I will grant J&J Sports a judgment for statutory damages

in the amount of $10,000 under § 605(e)(3)(C)(i)(II). In order to deter future infractions I will award an additional $10,000.00 in enhanced statutory damages under § 605(e)(3)(C)(ii). I will also grant J&J Sports their costs in the amount of $635.00 under § 605(e)(3)(B)(iii).

Finally, J&J Sports seeks an award of attorney's fees. J&J Sports' counsel has submitted an affidavit that he spent ten hours on this case at the rate of $250 per hour.[1] I find the time and rate to be reasonable and will award attorney's fees in the amount of $2,500. The total award will be in the amount of $23,135.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion for default judgment [#51] is granted in part only to the extent set out above and is denied in all other respects.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2015.

---

[1] I note that in the affidavit, counsel states that he spent ten hours on the case at the rate of $250 per hour but instead of calculating a fee of $2,500, inadvertently calculated a fee of $5,000. I also note that the affidavit is not supported by any time records of counsel.